ROBB v. RANNEY.

BILLS AND NOTES—PROTEST—NOTICE TO INDORSER—STATUTES—DIRECTED VERDICT.

In action against indorser on promissory note, verdict in favor of plaintiff was properly directed, where evidence showed that statute then in force relating to protest and notice thereof to indorser was complied with (2 Comp. Laws 1915, § 6149).

Appeal from Wayne; Campbell (Allan), J. Submitted June 7, 1933. (Docket No. 31, Calendar No. 37,217.) Decided June 29, 1933.

Assumpsit by James Milton Robb and another against Frederick T. Ranney and others on a promissory note. Directed verdict and judgment for plaintiff James Milton Robb. Defendant Ranney appeals. Affirmed.

*McIntyre & McIntyre,* for appellant.

*Bert R. Sogge,* for appellee James Milton Robb.

SHARPE, J. The defendant has appealed from a judgment entered on a directed verdict in favor of the plaintiffs in the sum of $1,294.80. The defendant was indorser upon a promissory note, and the only question presented was whether a notice of its protest, duly addressed, was mailed to him. The certificate of the notary public showed that she had presented the note for payment on the day that it became due at the place where it was payable, and that payment was refused, and that she had, on the same day, after making diligent inquiry for the

place of business of the defendant, mailed a notice of protest in a registered letter, addressed to him, at 1460 Penobscot Building, Detroit, it being the reputed place of his business. The receipt for this letter was signed "F. T. Ranney. (Signature or name of addressee.) Evelyn Hurd. (Signature of addressee's agent.)" The notary public was sworn, and testified to the truth of the matters stated in the certificate.

The defendant denied the receipt of such letter. He testified that Evelyn Hurd was never employed by him or in his office, although she was on the same floor of the Penobscot Building; that he did not recall that his office address at that time was 1460 in that building; that he thought it was 1404. He admitted, however, the receipt of a registered letter bearing the same date and address and receipted for in the same manner by Evelyn Hurd. The lapse of time doubtless accounts for his confusion as to his office address and the receipt of the notice of protest.

In our opinion, the statute then in force (2 Comp. Laws 1915, § 6149 [2 Comp. Laws 1929, § 9357]) was complied with.

The judgment is affirmed.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.